## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANSELL HEALTHCARE<br>PRODUCTS LLC,<br><br>   Plaintiff,<br><br> v.<br><br>RECKITT BENCKISER LLC,<br><br>   Defendant. | C.A. No. 1:15-cv-00915-RGA<br><br>**JURY TRIAL DEMANDED** |

## **DEFENDANT RECKITT BENCKISER LLC'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Reckitt Benckiser LLC ("RB"), by and through its attorneys, as and for its Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiff Ansell Healthcare Products LLC ("Ansell"), hereby alleges as follows:

### **THE PARTIES**

1. RB denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. RB admits that RB is a limited liability company existing and organized under the laws of the State of Delaware with a place of business in located at 399 Interpace Parkway, Parsippany, New Jersey 07054, and further admits that its registered agent within the State of Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, but denies any remaining allegations and/or legal conclusions contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. RB admits that the Complaint purports to be an action alleging patent infringement under the patent laws of the United States of America, but denies that it infringes any valid claim of the Patents-in-Suit, and denies any remaining allegations and/or legal conclusions contained in Paragraph 3 of the Complaint.

4. Paragraph 4 contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, RB is not challenging venue in this action, without prejudice to RB's rights to challenge venue in other actions. To the extent not expressly admitted herein, RB denies any remaining allegations and/or legal conclusions contained in Paragraph 4 of the Complaint.

## GENERAL AVERMENTS

5. RB admits that a copy of United States Patent No. 8,087,412 (the "'412 Patent") is attached to the Complaint as Exhibit A. RB further admits that the '412 Patent states on its face that (a) it issued on January 3, 2012, (b) the assignee of the '412 Patent is Ansell Healthcare Products LLC, and (c) it is entitled "Dip-formed synthetic polyisoprene latex articles with improved intraparticle and interparticle crosslinks." RB denies that it has committed any "infringing acts" with respect to the '412 Patent. RB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and/or legal conclusions contained in Paragraph 5 of the Complaint, and therefore denies them.

6. RB admits that a copy of United States Patent No. 8,464,719 (the "'719 Patent") is attached to the Complaint as Exhibit B. RB further admits that the '719 Patent states on its face that (a) it issued on June 18, 2013, (b) the assignee of the '719 Patent is Ansell Healthcare Products LLC, and (c) it is entitled "Dip-formed synthetic polyisoprene latex articles with improved intraparticle and interparticle crosslinks." RB denies that it has committed any

"infringing acts" with respect to the '719 Patent. RB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and/or legal conclusions contained in Paragraph 6 of the Complaint, and therefore denies them.

7. RB admits that a copy of United States Patent No. 9,074,027 (the "'027 Patent") is attached to the Complaint as Exhibit C. RB further admits that the '027 Patent states on its face that (a) it issued on July 7, 2015, (b) the assignee of the '027 Patent is Ansell Healthcare Products LLC, and (c) it is entitled "Dip-formed synthetic polyisoprene latex articles with improved intraparticle and interparticle crosslinks." RB denies that it has committed any "infringing acts" with respect to the '027 Patent. RB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and/or legal conclusions contained in Paragraph 7 of the Complaint, and therefore denies them.

8. RB admits that a copy of United States Patent No. 9,074,029 (the "'029 Patent") is attached to the Complaint as Exhibit D. RB further admits that the '029 Patent states on its face that (a) it issued on July 7, 2015, (b) the assignee of the '029 Patent is Ansell Healthcare Products LLC, and (c) it is entitled "Dip-formed synthetic polyisoprene latex articles with improved intraparticle and interparticle crosslinks." RB denies that it has committed any "infringing acts" with respect to the '029 Patent. RB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and/or legal conclusions contained in Paragraph 8 of the Complaint, and therefore denies them.

9. RB admits that Ansell Healthcare Products LLC and Ansell Limited, and Reckitt Benckiser (Australia) Pty Limited, Reckitt Benckiser Healthcare (UK) Limited, and Reckitt Benckiser Healthcare Australia Pty Limited, are parties to patent litigation pending in Australia involving an Australian patent that claimed priority to the applications that led to the '412 Patent,

but denies any remaining allegations and/or legal conclusions contained in Paragraph 9 of the Complaint.

## COUNT 1
**(Infringement of the '412 Patent)**

10. RB restates and incorporates by reference its responses as set forth in Paragraphs 1 through 9 of this Answer.

11. RB denies the allegations and/or legal conclusions contained in Paragraph 11 of the Complaint.

12. RB denies the allegations and/or legal conclusions contained in Paragraph 12 of the Complaint.

## COUNT 2
**(Infringement of the '719 Patent)**

13. RB restates and incorporates by reference its responses as set forth in Paragraphs 1 through 12 of this Answer.

14. RB denies the allegations and/or legal conclusions contained in Paragraph 14 of the Complaint.

15. RB denies the allegations and/or legal conclusions contained in Paragraph 15 of the Complaint.

## COUNT 3
**(Infringement of the '027 Patent)**

16. RB restates and incorporates by reference its responses as set forth in Paragraphs 1 through 15 of this Answer.

17. RB denies the allegations and/or legal conclusions contained in Paragraph 17 of the Complaint.

18. RB denies the allegations and/or legal conclusions contained in Paragraph 18 of the Complaint.

### COUNT 4
### (Infringement of the '029 Patent)

19. RB restates and incorporates by reference its responses as set forth in Paragraphs 1 through 18 of this Answer.

20. RB denies the allegations and/or legal conclusions contained in Paragraph 20 of the Complaint.

21. RB denies the allegations and/or legal conclusions contained in Paragraph 21 of the Complaint.

### RELIEF REQUESTED

22. RB denies that Ansell is entitled to any relief whatsoever against RB in this action, either as requested in the Complaint or otherwise.

### AFFIRMATIVE DEFENSES

Further answering, RB affirmatively alleges as follows. RB reserves the right to add additional defenses as discovery progresses and further information is obtained.

### FIRST DEFENSE
### (Failure to State a Claim)

23. Ansell's Complaint fails to state a claim against RB upon which relief may be granted.

### SECOND DEFENSE
### (Non-Infringement)

24. RB has not infringed and does not infringe, actively induce the infringement of, or contributorily infringe any claim of the '412 Patent, '719 Patent, '027 Patent, and/or '029 Patent.

## THIRD DEFENSE
### (Invalidity)

25. Without limitation, and based on at least the prior art of record during the prosecution of the Patents-in-Suit, based on the indefiniteness of claims terms such as "substantially uniform" and "substantially conchoidal," and/or based on a lack of written description support and/or enablement for claims that, for example, do not require pre-vulcanized polyisoprene particles, all of the claims of the '412 Patent, '719 Patent, '027 Patent, and/or '029 Patent are invalid for failure to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112. RB expressly reserves the right to identify and assert additional prior art and additional reasons why the claims in the Patents-in-Suit are invalid as this case and discovery proceeds.

## FOURTH DEFENSE
### (Patent Misuse)

26. One or more of the claims of the Complaint against RB are barred under the Doctrine of Patent Misuse, the facts and circumstances of which are more fully described in RB's Counterclaims set forth below, which are incorporated herein by reference.

## FIFTH DEFENSE
### (Unclean Hands)

27. The claims of the Complaint against RB are barred under the doctrine of unclean hands, the facts and circumstances of which are more fully described in RB's Counterclaims set forth below, and, upon information and belief, include but are not limited to Ansell filing this objectively baseless lawsuit in bad faith.

## SIXTH DEFENSE
### (Waiver, Estoppel, Laches, Acquiescence)

28. The claims of the Complaint against RB are barred under the doctrines of waiver, estoppel, laches, acquiescence, and/or any other equitable remedy.

## SEVENTH DEFENSE
### (Assertion of an Invalid Claim)

29. Ansell is barred from recovering costs in connection with this action pursuant to 35 U.S.C. § 288.

## EIGHTH DEFENSE
### (Lack of Entitlement to Injunctive Relief)

30. Ansell's claim for injunctive relief is barred because there exists an adequate remedy at law and Ansell's claims otherwise fail to meet the requirements for such relief.

## NINTH DEFENSE
### (Reservation of Affirmative Defenses)

31. RB reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Reckitt Benckiser LLC ("RB") hereby alleges the following Counterclaims against Ansell Healthcare Products LLC ("Ansell"):

## THE PARTIES

1. RB is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business located at 399 Interpace Parkway, Parsippany, New Jersey 07054.

2. Ansell alleges in its Complaint that it is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 111 Wood Avenue South, Suite 210, Iselin, New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction with respect to RB's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4. This Court has personal jurisdiction over Ansell by virtue of its appearance as a plaintiff in this action.

5. Venue is proper in this District under 28 U.S.C. § 1391.

## BACKGROUND

6. Ansell alleges in the Complaint that it is the owner of United States Patent No. 8,087,412 (the "'412 Patent"), which issued on January 3, 2012 and is titled "Dip-formed synthetic polyisoprene latex articles with improved intraparticle and interparticle crosslinks."

7. Ansell alleges in the Complaint that it is the owner of United States Patent No. 8,464,719 (the "'719 Patent"), which issued on June 18, 2013 and is titled "Dip-formed synthetic polyisoprene latex articles with improved intraparticle and interparticle crosslinks."

8. Ansell alleges in the Complaint that it is the owner of United States Patent No. 9,074,027 (the "'027 Patent"), which issued on July 7, 2015 and is titled "Dip-formed synthetic polyisoprene latex articles with improved intraparticle and interparticle crosslinks."

9. Ansell alleges in the Complaint that it is the owner of United States Patent No. 9,074,029 (the "'029 Patent"), which issued on July 7, 2015 and is titled "Dip-formed synthetic polyisoprene latex articles with improved intraparticle and interparticle crosslinks."

10. The '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent (collectively, the "Patents-in-Suit") each list Ansell as the assignee.

11. The Patents-in-Suit share a common disclosure.

12. The common disclosure of the Patents-in-Suit teaches that "*[t]he present invention **is predicated on*** the discovery that soluble sulfur, such as $S_8$ rings of sulfur, is catalyzed by a zinc complex of dithiocarbamate in combination with potassium caprylate and sodium dodecyl benzene sulphonate (SDBS) surfactant *creating **pre-vulcanized**, synthetic polyisoprene particles* in a latex composition." [*See, e.g.*, '412 Patent, Col. 8, lines 28-33 (emphasis added).]

13. A corporate affiliate of RB owns UK Patent Application No. GB0704785.5, which is prior art to the Patents-in-Suit, and which was published on October 3, 2007 as GB 2,436,566, and granted on January 17, 2012 as UK Patent No. GB2436566 (the "'566 Patent").

14. The common disclosure of the Patents-in-Suit distinguishes the alleged invention from the '566 Patent:

> UK patent application GB 2,436,566 to Attrill et al. discloses ***minimizing pre-vulcanization of polyisoprene latex***. This process for making a polyisoprene latex comprises compounding a synthetic polyisoprene latex with compounding ingredients and maturing the latex at a low temperature ***so as to minimize pre-vulcanization***. Dipping of condoms is also conducted at low temperatures typically 15° C. to less than 20° C. The absence of pre-vulcanization is verified be [*sic*] assuring the strength of a ring made has a prevulcanisate relaxed modulus has a value less than 0.1 MPa indicative of the absence of pre-vulcanization. The latex emulsion may contain accelerator such as dithiocarbamate. ***The '566 patent application teaches away from pre-vulcanization prior to dipping of latex articles***.

[*See, e.g.*, '412 Patent, Col. 4, lines 11-24 (emphasis added).]

15. The common disclosure of the Patents-in-Suit also references tests conducted by the inventors on synthetic polyisoprene condoms, including Durex condoms, made in accordance with the '566 Patent.

16. In the common disclosure of the Patents-in-Suit, the inventors indicate that "[s]ince Durex polyisoprene condoms have a higher value of molecular weight between crosslinks, the crosslink density *is lower than that produced by the present process.*" [*See, e.g.,* '412 Patent, Col. 15, lines 59-67, Col. 16, lines 21-30 (emphasis added).]

17. Ansell Healthcare Products LLC and Ansell Limited, and Reckitt Benckiser (Australia) Pty Limited, Reckitt Benckiser Healthcare (UK) Limited, and Reckitt Benckiser Healthcare Australia Pty Limited, are parties to patent litigation currently pending in the Federal Court of Australia, New South Wales Registry, No. NSD1180/2014, which was filed on or about November 14, 2014 (the "Australian Litigation").

18. In connection with the Australian Litigation, Ansell and/or its counsel or agents were provided with information by RB that shows that the Durex RealFeel® condoms Ansell accuses of infringing the Patents-in-Suit in this case are made in accordance with the '566 Patent, in which pre-vulcanization of polyisoprene particles is minimized such that the resulting Durex RealFeel® condoms that are accused of infringement are not comprised of polyisoprene particles that are pre-vulcanized within the meaning of the Patents-in-Suit.

19. As a result of the disclosures provided by RB in connection with the Australian Litigation, and as a result of having been placed on notice of such disclosures in this case, Ansell is aware or should be aware that the Durex RealFeel® condoms Ansell accuses of infringing the Patents-in-Suit do not infringe and are merely practicing the prior art that the named inventors of the Patents-in-Suit disparaged and expressly referenced as being different from their alleged invention.

20. As a result, there is no construction of the claims in the Patents-in-Suit that reads on the accused Durex RealFeel® condoms without also reading on the prior art that those

condoms embody. Thus, even if the accused Durex RealFeel® condoms were found to be within the scope of the claims (which they are not) those claims would be invalid as being anticipated by the prior art.

21. Therefore, Ansell's claims of infringement in this case are objectively baseless and, upon information and belief, were filed by Ansell in bad faith in an effort to stifle lawful competition and harm RB in the marketplace. Indeed, in an effort to improperly leverage the Patents-in-Suit, Ansell filed objectively baseless claims in this case and issued disparaging press releases in connection with both this case and the Australian Litigation that it knew or should have known would be seen by RB's customers, investors and industry analysts and thus cause harm to RB.

## COUNTERCLAIM I
### (Non-Infringement)

22. RB repeats and realleges Paragraphs 1 through 21 as if fully set forth herein.

23. This is a Counterclaim for declaratory judgment that the claims of the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent are not infringed by RB.

24. Ansell alleges in its Complaint that it is the owner of the Patents-in-Suit.

25. Ansell alleges in its Complaint that RB has infringed one or more claims of the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent.

26. RB denies in its Answer that it infringes or has infringed any claim of the '412 Patent, the '719 Patent, the '027 Patent, or the '029 Patent, either directly or by inducement.

27. Furthermore, RB has not knowingly or intentionally induced others, and does not knowingly or intentionally induce others, to infringe any valid and enforceable claim of the '412 Patent, the '719 Patent, the '027 Patent, or the '029 Patent.

28. Moreover, RB has no knowledge of direct infringement of the Patents-in-Suit by any third-party, and has no specific intent to cause any third-party to directly infringe the Patents-in-Suit. There can be no liability for induced infringement without an underlying act of direct infringement.

29. An actual and justiciable controversy exists between Ansell and RB with respect to the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent.

30. Accordingly, RB seeks declaratory judgment that RB does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the '412 Patent, the '719 Patent, the '027 Patent, or the '029 Patent.

31. RB is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## **COUNTERCLAIM II**
**(Invalidity)**

32. RB repeats and realleges Paragraphs 1 through 31 as if fully set forth herein.

33. This is a Counterclaim for declaratory judgment that the claims of the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent are invalid.

34. In its Complaint, Ansell has asserted the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent against RB.

35. Expressly reserving the right to identify and assert additional prior art and additional reasons why the claims in the Patents-in-Suit are invalid as this case and discovery proceeds, RB denies in its Answer that the '412 Patent, the '719 Patent, the '027 Patent, or the '029 Patent are valid based on at least the prior art of record during the prosecution of the Patents-in-Suit, based on the indefiniteness of claims terms such as "substantially uniform" and "substantially conchoidal," and/or based on a lack of written description support and/or enablement for claims that, for example, do not require pre-vulcanized polyisoprene particles.

36. An actual and justiciable controversy exists between Ansell and RB with respect to the validity of the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent.

37. Accordingly, RB seeks declaratory judgment that all of the claims in the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent are invalid for failure to comply with one or more of the requirements of the Patent Laws, 35 U.S.C. § 1 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

## **PRAYER FOR RELIEF**

WHEREFORE, RB prays that judgment be entered against Ansell as follows:

a. Dismissing Ansell's Complaint in its entirety with prejudice;

b. Declaring that RB does not and has not infringed any claim of the '412 Patent, the '719 Patent, the '027 Patent, or the '029 Patent;

c. Declaring that all of the claims of the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent are invalid;

d. Declaring that this case is exceptional and that RB is entitled to its reasonable attorneys' fees, expert fees, and costs incurred in connection with this action; and

e. Granting to RB such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

RB demands a trial by jury on any and all issues for which it is entitled to a trial by jury.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ P. Kraman*

Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
pkraman@ycst.com

-and-

Douglas J. Nash (admitted *pro hac vice*)
John T. Gutkoski (admitted *pro hac vice*)
Denis J. Sullivan (admitted *pro hac vice*)
Kathryn D. Cornish (admitted *pro hac vice*)
Naresh K. Kannan (admitted *pro hac vice*)
BARCLAY DAMON, LLP
One Park Place
300 South State Street
Syracuse, New York 13202
(315) 425-2700

*Attorneys for Defendant
Reckitt Benckiser LLC*

Dated: December 3, 2015

# CERTIFICATE OF SERVICE

I, Pilar G. Kraman, hereby certify that on December 3, 2015, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Colm F. Connolly, Esquire
> David W. Marston Jr., Esquire
> Jody C. Barillare, Esquire
> Morgan, Lewis & Bockius LLP
> The Nemours Building
> 1007 North Orange Street, Suite 501
> Wilmington, DE 19801
> *cconnolly@morganlewis.com*
> *dmarston@morganlewis.com*
> *jbarillare@morganlewis.com*
>
> *Attorneys for Plaintiff*

I further certify that on December 3, 2015, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record, and on the following:

> Thomas B. Kenworthy, Esquire
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA 19103-2921
> *tkenworthy@morganlewis.com*
>
> *Attorneys for Plaintiff*

Dated: December 3, 2015

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
*pkraman@ycst.com*

*Attorneys for Defendant*

01:18025320.1