

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

Pilar G. Kraman
P 302.576.3586
F 302.576.3742
PKraman@ycst.com

**BY CM/ECF & HAND DELIVERY**                                        October 12, 2016

The Honorable Richard G. Andrews
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re: *Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*, C.A. No. 15-915-RGA

Dear Judge Andrews:

    Defendant Reckitt Benckiser LLC ("RB") submits this letter in advance of the October 14, 2016 discovery conference to ask that the Court order Ansell Healthcare Products LLC ("Ansell") to respond to RB's interrogatories ("Rogs").  Ansell did not respond to a single Rog under the pretext that RB's thirteen Rogs exceed the maximum limit of twenty-five. Ex. A. The parties met and conferred with Delaware counsel present on September 29 and October 10, but were unable to resolve their dispute because, in Ansell's view, RB's Rogs amount to forty eight separate interrogatories when counting what it contends are "discrete" subparts.  This letter addresses this and Ansell's other remaining objections, and RB respectfully requests the Court overrule Ansell's objections and order full and complete responses.[1]

    It is axiomatic that an interrogatory "may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2); s*ee also* 7-33 *Moore's Federal Practice* – Civil § 33.60.  The Federal Rules limit parties to 25 interrogatories as of right, including "discrete" subparts.  Fed. R. Civ. P. 33(a)(1).  Subparts are not discrete and should not be counted separately "where 'they are logically or factually subsumed within and necessarily related to the primary question.'" *Medigus Ltd. v. EndoChoice, Inc.*, No. 15-505-LPS-CJB, mem. order at 2 (D. Del. Jul. 19, 2016) (quoting *Waterbury v. Scribner*, 2008 WL 2018432, at *2 (E.D. Cal. May 8, 2008)) (Ex. B); *see also* 7-33 *Moore's Federal Practice – Civil* § 33.30[2].  To determine whether a subpart is subsumed by and related to the primary question, courts consider "whether the first question is primary and subsequent questions are secondary to the primary question.  Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories.  However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related*." Id.* (alteration in original).

    **Rog 1.**  According to Ansell, Rog 1 contains nine discrete subparts.  For example, Ansell contends that by asking Ansell to identify the priority date and the "factual" and "legal" bases in

---

[1] Ansell previously objected to ten of RB's thirteen interrogatories because they seek legal contentions.  However, RB set forth in its October 3 letter to the Court why Ansell's objection to providing legal contentions is clearly contrary to the law (D.I. 77 at 3), and during the parties' second meet and confer on October 10, Ansell withdrew this objection.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Richard G. Andrews
October 12, 2016
Page 2

support, RB should have served three separate interrogatories.  In short, Rog 1 merely asks Ansell to identify the priority date (*i.e.*, the date before which something is considered prior art, and after which it is not) and the basis for such a date.  The remainder of the Rog is simply an articulation of what RB would consider to be a complete answer – *e.g.*, an answer that includes information concerning conception, reduction to practice, and diligence – all of which is "necessary to complete the details required by the call of the question" (*i.e.*, the basis for Ansell's claimed priority date).  *Medigus*, at 3-4 & n.4 (internal quotation omitted); *see also Ryan v. TransUnion Interactive, Inc.*, No. 09 C 2121, 2010 U.S. Dist. LEXIS 5499, at *14-15 (N.D. Ill. Jan. 21, 2010) (holding that an interrogatory asking for "factual and legal basis" to any denial to a request for admission does not contain a discrete subpart).  Further, it is unclear to RB how identifying the priority date and the support for such a date are unduly burdensome, not relevant, or not proportional to the needs of the case.  Indeed, such an interrogatory is relevant to and propounded in nearly all patent infringement cases because without the information a defendant cannot know what is and is not prior art to the claimed invention.

**Rog 2.**  Here, RB asks Ansell to state whether it contends that certain images show crosslinks that are "substantially uniform" or "substantially uniformly distributed."  Ansell contends there are ten discrete subparts, again insisting that a contention and the basis for the contention should be separate.  RB is not asking a different question for each image, but is asking for a response to one question – what is it that Ansell contends evidences substantially uniform crosslinks – and the answer as to all images are necessarily related to and are part of that primary question, *i.e.*, a way to "tease out the desired information."  *See Medigus*, at 3-4 & n.5; *see also Ryan*, 2010 U.S. Dist. LEXIS 5499, at *14-15; *New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*, No. 98-775, 2000 WL 62315, at *4 (E.D. Pa. Jan. 13, 2000) ("The court does not view subsidiary instructions to the interrogatories as propounding additional interrogatories, but merely specifying to the defendants the type of information plaintiff is eliciting in the interrogatories.").  Ansell's only other objection was that Rog 2 was not "reasonably calculated to lead to the discovery of admissible evidence."  However, during the October 10 meet and confer, at Ansell's request, RB identified the source of each image (all of which came from Ansell's own document production and disclosures in this case or its patent prosecution files).  Therefore, Ansell should have no remaining objection to providing an immediate response to this Rog.

**Rogs 3, 4.**  Rogs 3 and 4 ask whether or not Ansell contends that pre-vulcanization and substantially uniform crosslinks, respectively, are required by certain claims, and ask for support for the contentions.  Ansell insists that these Rogs each contain three discrete subparts because they ask for a contention and the support for that contention.  Again, it is not improper to ask for support for a contention, specify an instruction, or identify the type of information RB is eliciting.  *See id.*

**Rogs 5, 6.**  RB asks for, in two separate Rogs, Ansell's validity contentions as to two separate pieces of prior art.  Like with the previous Rogs, Ansell insists that these also each contain discrete subparts, again, simply because they ask for a contention and the support for that contention.  Again, like with the previous Rogs, asking for support for a contention is not a discrete subpart.  Further, while RB broke this into two interrogatories, it is common in this

Young Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
October 12, 2016
Page 3

District to propound one Rog asking for invalidity or validity contentions, even if they involve multiple theories (*i.e.*, §101, 102, 103, or 112) and multiple pieces of prior art.[2]

**Rog 8.**  RB asks for Ansell's contentions as to secondary considerations of nonobviousness.  During the parties' meet and confer, Ansell agreed that this Rog contains no discrete subparts.

**Rog 9.**  Rog 9 asks whether a certain document was disclosed during patent prosecution and, if not, why not.  Ansell objects because the Rog is not directed to a currently pled defense.  However, whether and why Ansell withheld information from the PTO during the prosecution of the patents-in-suit is directly relevant to RB's unclean hands defense (D.I. 8, p. 6), and potentially an inequitable conduct defense.  It is clear that material information was withheld from the PTO, and that is relevant to unclean hands.  And, because Rule 9(b) requires inequitable conduct to be pled with particularity, RB needs to explore Ansell's intent (*i.e.*, why it was withheld) before seeking to add that defense.  *See ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 578 (D. Del. 2009) (granting motion to amend to add inequitable conduct, finding proposed defense appropriately based on facts "obtained and confirmed during discovery which took place after the Scheduling Order's deadline for amended pleadings.").  Ansell's objection should be overruled.

**Rogs 10, 11 and 12.**  Here, RB seeks Ansell's contentions related to its claims of willful infringement, and claims pursuant to 35 U.S.C. § 284 and 285.  Ansell contends that these Rogs each contain two discrete subparts because they ask for "factual" and "legal" bases.  As previously discussed, such an objection is without merit.

**Rog 13.**  RB asks for Ansell's damages contention, specifying the type of information RB seeks regarding that contention.  Ansell contends Rog 13 contains four discrete subparts because, in addition to the damages contention, it asks for supporting facts, documents, and people. As discussed above, it is not improper to ask for support for a contention, specify an instruction, or identify the type of information RB is eliciting.

For the foregoing reasons, RB respectfully requests that the Court enter an Order, in the form attached, compelling Ansell to provide full and complete responses to RB's Rogs by October 28, 2016, and without further objection.  *See* Fed. R. Civ. P. 33(b)(4) (any objections to an interrogatory must be timely served with the parties' answers to the interrogatory); 7-33 *Moore's Federal Practice – Civil* § 33.174[2] ("untimely objections normally are waived.") (collecting cases).

---

[2] During the October 10 meet and confer, RB agreed to withdraw Rog 7, without prejudice to reassert at later date.

Young Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
October 12, 2016
Page 4

                                        Respectfully submitted,

                                        Pilar G. Kraman (No. 5199)

cc:      Counsel of Record (by CM/ECF and email)
          Clerk of the Court (by hand delivery)