# Morgan Lewis

**David W. Marston Jr.**
+1.302.574.3000
davidmarston@morganlewis.com

October 13, 2016

**VIA CM/ECF and HAND DELIVERY**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 King Street, Room 6325
Wilmington, Delaware 19801-3555

Re: *Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*, C.A. No. 15-915-RGA

Dear Judge Andrews:

    I write on behalf of plaintiff Ansell Healthcare Products LLC ("Ansell") to respond to the October 12, 2016 letter brief from counsel for defendant Reckitt Benckiser LLC ("RB") (D.I. 84). This dispute involves RB's First Set of Interrogatories served on August 23, 2016. *See* Exhibit A hereto. Those interrogatories were served very shortly after a meet-and-confer teleconference among counsel that afternoon regarding RB's request to extend the time to comply with this Court's June 3, 2016 directive (regarding supplementing RB's Initial Invalidity Contentions) from August 15 and 30, 2016 to September 30, 2016. Even though the parties discussed extending the time for RB to serve compliant Initial Invalidity Contentions until September 30, 2016, RB's counsel never mentioned that it would be serving that very afternoon a set of interrogatories that purported to require Ansell to provide non-invalidity contentions before even receiving RB's compliant Initial Invalidity Contentions. RB's interrogatories also asked Ansell to answer questions about 5 unidentified images, all of which RB designated as "Containing Information Designated Highly Confidential – Attorneys' Eyes Only." *See* Exhibit A hereto at 5-7. Ansell timely responded to RB's interrogatories on September 26, 2016. *See* Exhibit B hereto.[1] It was not until the second meet-and-confer teleconference on October 10, 2016, regarding Ansell's objections that RB's counsel identified the 5 images, and in doing so made clear that there had been no basis for RB having identified Images 2, 3 and 5 as "Highly Confidential – Attorneys' Eyes Only."

---

[1] As noted in footnote 3 of the *Medigus* case relied upon by Reckitt, D.I. 84, Ex. B, "[o]nce an objection to an interrogatory has been properly articulated, then the burden rests with the party seeking discovery (here, Defendant) to show that the request is proper . . . . " RB doesn't even address certain objections in its letter to the Court and those objections should be sustained.

**Morgan, Lewis & Bockius LLP**

The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, DE 19801   ◯ +1.302.574.3000
United States   ◯ +1.302.574.3001

The Honorable Richard G. Andrews
October 13, 2016
Page 2

When RB did serve what it has identified as an "Addendum" to its First Amended Invalidity Contentions, RB's Initial Invalidity Contentions, as then twice amended, still failed to comply with the Court's June 3, 2016 directive, in that RB has failed to provide any support for its claim that a written publication referred to as "Ho" anticipates the asserted claims of the patents-in-issue. Additionally, with respect to prior art patents/patent applications referred to as "Wang" and "Attrill," RB has not annotated its micrographs to show how the claimed features are found in products purportedly made according to those two prior art references. Finally, RB marked its micrographs of re-created purported prior art products "Confidential." Interrogatory Nos. 5, 6 and 7 seek Ansell's non-invalidity contentions with respect to Wang, Attrill and Ho, respectively.

**Ansell's Numerosity Objection Is Well-Taken** - Because of the potential for oppression, the Federal Rules of Civil Procedure limit the number of interrogatories that may be served absent agreement of the parties or leave of Court, to 25, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). The Scheduling Order in this case, agreed to by the parties, provides that "[a] maximum of 25 interrogatories, including contention interrogatories, are permitted for each side." D.I. 18, ¶ 4.d. D. Del. LR 26.1(a) pertinently provides that "[e]ach subpart of an interrogatory or request shall be counted as a separate interrogatory or request." Although Ansell specifically cited Local Rule 26.1(a) in its objections and asked RB's counsel to be prepared to discuss it at last Monday's teleconference, RB completely ignores it.[2]

"When a party believes that another party has asked too many interrogatories, [it] should object to all interrogatories . . . ." *Allahverdi v. Regents of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005). "[I]t waives the [numerosity] objection if it selectively answers some of the interrogatories and objects on this ground to the rest." 8A Wright, Miller & Marcus, Federal Practice and Procedure (2010) § 2168.1 at 42. In order to ensure that there was no waiver of its numerosity objection, Ansell did just that. After two meet-and-confer teleconferences totaling 2½ hours, RB persists in its position that it has served but 13 interrogatories which have no subparts. *See, e.g.*, Exhibit C hereto. That position is completely untenable as evident from simply reading the interrogatories and subparts. In order to assist the parties in reaching a resolution whereby the interrogatories could be narrowed down to the number permitted by the Scheduling Order and Local Rule, Ansell demonstrated for RB's counsel how RB's First Set of Interrogatories numbered at least 48, even if only counting *discrete* subparts. *See* Exhibit D hereto. Ansell will use this Exhibit as a reference when addressing specific subparts of RB's interrogatories.

Even where the issue is "discrete subparts" as opposed to just subparts, a subpart is treated as discrete if the subpart is independent and can stand alone. *See Waterbury v. Scribner*, 2008 WL 2018432, at *2 (E.D. Cal. May 8, 2008). Interrogatories that seek the

---

[2] Local Rule 26.1(a) was not pertinent in the *Medigus* case because, in contrast to the Scheduling Order here, the Scheduling Order in *Medigus* authorized the serving of "30 written interrogatories, including all discrete subparts." *See* D.I. 84, Ex. B at 2.

The Honorable Richard G. Andrews
October 13, 2016
Page 3

facts supporting a contention, the persons with knowledge of those facts, and the documents and things that relate to those facts have "at least three discrete subparts." *See Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009). Interrogatories asking for the factual basis for a contention and also the legal basis for that contention are independent and count as two subparts. The answer to one inquiry is not subsumed in the other. *See, e.g., Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010).

The foregoing principles support Ansell's counting of the subparts of Interrogatory Nos. 3-13. As to Interrogatory No. 1, subparts 1-3 relate to "priority date," subparts 4-7 relate to the *separate* concept of invention-date. *See Robocast, Inc. v. Microsoft Corp.*, 21 F. Supp. 3d 320, 332 (D. Del. 2014). Subparts 8 and 9 presumably are directed to inventorship, a defense not even asserted in this case. Interrogatory No. 2 has two separate questions about each of five unrelated images.

**Ansell's Other Objections Are Also Meritorious** – The burden and proportionality objections as to Interrogatory No. 1 go, not to subparts 1-3, but rather subparts 4-9. RB does not even attempt to justify these subparts, and reducing a claim *element* to practice is neither a viable concept nor pertinent to any defense. Nor is the incredibly burdensome and useless task of identifying all of the contributions of all individuals who are not named inventors to the conception and reduction to practice of the subject matter of the patents. The prematurity of Interrogatories 5 and 6, a subject to be addressed in answering expert reports not due for almost nine months, is a particularly apt objection, especially where RB has not complied with the Court's June 3, 2016 directive with respect to these two pieces of prior art. Interrogatory No. 9 is improper because it does not purport to relate to any asserted claim or defense. The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery* – not to find out if it has such a claim." *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990). Interrogatory No. 13 is premature, particularly given that RB has yet to provide one document responsive to Ansell's document requests relating to this subject, served on July 13, 2016.

For the foregoing reasons, together with the arguments to be presented to the Court in person on October 14, 2016, Ansell respectfully requests the Court to deny the relief sought by RB in D.I. 84.

Respectfully,

David W. Marston Jr.
(Delaware Bar No. 3972)

cc:   Counsel of Record
      Clerk of Court (By Hand Delivery)