*Exhibit A*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 15-915-RGA |
| v. | ) ) | |
| RECKITT BENCKISER LLC, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-13)
TO ANSELL HEALTHCARE PRODUCTS LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Reckitt Benckiser LLC requests that Plaintiff Ansell Healthcare Products LLC answer the following interrogatories separately and fully, in writing, and under oath, within thirty days.

**DEFINITIONS AND INSTRUCTIONS**

A.   "Ansell" or "you" or "yours" means Plaintiff Ansell Healthcare Products LLC, its officers, directors, members, employees, agents, attorneys, partners, corporate parent, subsidiaries, and/or affiliates.

B.   The term "RB" means Defendant Reckitt Benckiser LLC, its officers, directors, employees, attorneys, partners, corporate parent, subsidiaries, and/or affiliates.

C.   The term "Complaint" means Ansell's Complaint (D.I. 1).

D.   The term "Accused Products" means RB's Durex RealFeel® condoms.

E.   The term "'412 Patent" means U.S. Patent No. 8,087,412, and the application from which it was issued.

F.  The term "'719 Patent" means U.S. Patent No. 8,464,719, and the application from which it was issued.

G.  The term "'027 Patent" means U.S. Patent No. 9,074,027, and the application from which it was issued.

H.  The term "'029 Patent" means U.S. Patent No. 9,074,029, and the application from which it was issued.

I.  The term "Patents-in-Suit" means, individually and/or collectively, the '412 Patent, the '719 Patent, the '027 Patent, and the '029 Patent.

J.  "Asserted Claim(s)" means any and all claims of the Patents-in-Suit that Ansell contends RB infringes either literally, indirectly, under the doctrine of equivalents, or in any other manner.

K.  The term "communication" means without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written.

L.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 1001. The term shall include within its meaning, by way of example and not limitation, any and all accounts, analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, e-mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices, ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations, notes of meetings, notes of telephone calls, office communications, photographs, printouts, recordings of conversations (whether written or electronic), reports, schedules, storage tape, task lists, telegrams, telephone bills, videotapes or

CONTAINS MATERIAL DESIGNATED AS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other written or printed matter. The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not. A draft or non-identical copy of a document is a separate document within the meaning of this term.

      M.      The term "person" is defined as any natural person or business, legal or governmental entity or association.

      N.      When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

      O.      When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

      P.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

      Q.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a document request all responsive information or material that might otherwise be construed to be outside of its scope.

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

R.   The use of the singular form of any word includes the plural and vice versa, and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

S.   If you believe that any of the following interrogatories calls for an assertion of privilege, you are required to prepare a "privilege log" listing the following information for each document or part thereof withheld on such a basis: (a) the request to which the document is responsive; (b) the title or general subject matter of each document; (c) the type of document (*e.g.*, memorandum, note report, *etc.*); (d) the date of the document, and if no date appears thereon, the approximate date on which the document was prepared; (e) the name of the person(s) who signed the document and the name of the person(s) who prepared the document, if different than the person(s) who signed the document; (f) the person(s) for whom the document was prepared, to whom it was sent, and who received copies; and (g) the nature and the basis for the claim of privilege.

T.   If, after responding to any interrogatory, you obtain or become aware of any further information or material responsive to these interrogatories, you are required to supplement your responses and to provide RB with such additional information or material.

U.   If, for reasons other than privilege, you refuse to respond to an interrogatory, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

## INTERROGATORIES

1.   Identify the priority date that you claim each Asserted Claim is entitled to, and set forth all factual and legal bases supporting each priority date. A complete answer to this interrogatory requires that you identify the specific date that each and every element in each

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Asserted Claim was conceived as well as date that the Asserted Claim was reduced to practice with each claim element present, describe every act of diligence in reducing the claimed invention to practice, identify by Bates number of all documents and other discovery material that you contend corroborates said dates and/or diligence, identify the specific portions of the Asserted Claim contributed by each named inventor, and identify the contributions of all individuals who are not named inventors to the conception and reduction to practice of the subject matter of the Patents-in-Suit.

2.   State whether you contend that the following images depict or otherwise evidence polyisoprene articles with intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are "substantially uniform" and/or "substantially uniformly distributed" within the meaning of any of the Asserted Claims and explain in detail why or why not:

## REDACTED

IMAGE 1

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



**IMAGE 2**



**IMAGE 3**

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**



**IMAGE 4**



**IMAGE 5**

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

3. State whether you contend that pre-vulcanization is required with respect to the Asserted Claims of the '027 Patent and/or the '029 Patent and, if not, identify all written description support in the specification for the claimed composition that does **not** require pre-vulcanization and identify by Bates number all documents and other discovery material that support such contention.

4. State whether you contend intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are "substantially uniform" and/or "substantially uniformly distributed" are required with respect to the Asserted Claims of the '027 Patent and, if not, identify all written description support in the specification for the claimed composition that does **not** require intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are "substantially uniform" and/or "substantially uniformly distributed" and identify by Bates number all documents and other discovery material that support such contention.

5. To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.S. Patent Application Publication No. 2004/0169317, set forth in detail all factual and legal bases for such contention, and identify by Bates number all documents and other discovery material that support any such contention. A complete answer requires you to explain why any allegedly missing elements are not inherently present in U.S. Patent Application Publication No. 2004/0169317.

6. To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.K. Patent Application No. GB 2,436,566A, set forth in detail all factual and legal bases for such contention, and identify by Bates number all documents and other discovery material that support any such contention. A complete answer requires you to explain why any

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

allegedly missing elements are not inherently present in U.K. Patent Application No. GB 2,436,566A.

7. To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by "Surface Morphology of Prevulcanized Natural Rubber Latex Films by Atomic Force Microscopy: New Insight into the Prevulcanization Mechanism," produced bearing Bates numbers RB0000151-162, set forth in detail all factual and legal bases for such contention, and identify by Bates number all documents and other discovery material that support any such contention. A complete answer requires you to explain why any allegedly missing elements are not inherently present in "Surface Morphology of Prevulcanized Natural Rubber Latex Films by Atomic Force Microscopy: New Insight into the Prevulcanization Mechanism," produced bearing Bates numbers RB0000151-162.

8. For each of the Asserted Claims of the Patents-in-Suit, explain in detail all facts and circumstances that support or otherwise relate to any secondary considerations of nonobviousness, including without limitation, that the subject matter of any such claim satisfied a long-felt need, solved problems the industry failed to solve, was the subject of skepticism expressed in the industry, has been a commercial success, has had its significance recognized by the industry, has been copied by others, and/or has achieved unexpected results.

9. State whether the documents bearing Bates number ANS0009947-52 and ANS0009965 were disclosed to the United States Patent and Trademark Office and/or any of its employees during the prosecution of the Patents-in-Suit identifying by Bates number any documents evidencing such disclosure, and if they were not disclosed explain how the failure to disclose them complied with the duty of candor those involved in the prosecution of the Patents-in-Suit owed the United States Patent and Trademark Office. A complete answer requires you to

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

explain why ANS0009947-52 and ANS0009965 were not material to the prosecution of the Patents-in-Suit, and why the single most reasonable inference to be drawn from the failure to disclose such material is not that those involved with the prosecution of the Patents-in-Suit intended to deceive the United States Patent and Trademark Office and/or its employees (including the examiners).

10. Describe in detail the factual and legal bases for your allegation, as set forth in the Complaint, that RB "has willfully infringed the '412, '719, '027 and '029 [P]atents."

11. Describe in detail the factual and legal bases for your request in the Complaint that the Court "[i]ncrease the damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284."

12. Describe in detail the factual and legal bases for your request in the Complaint that the Court "[f]ind that this case is exceptional and award Ansell its respective costs and expenses for Reckitt's infringement, including reasonable attorneys fees, pursuant to 35 U.S.C. § 285."

13. Describe in detail each and every type or element of damages that Ansell has allegedly incurred as a result of RB's alleged infringement of the Patents-in-Suit, stating in detail for each type of damage alleged to have been suffered:

    a. the total dollar amount of damages claimed;

    b. whether the damages claimed are based upon lost profits, a reasonable royalty, price erosion, entire market value rule, and/or some other economic theory;

    c. all facts upon which Ansell relies or will rely for proof of the fact and/or amount of damages;

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

10

    d.    the method by which the amount of damages has been or will be calculated;

    e.    an identification by Bates number of all documents and other discovery material on which Ansell relies or will rely to prove such damages; and

    f.    the identity of each person with knowledge of facts related to Ansell's response to this interrogatory.

Dated: August 23, 2016

        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*[signature]*

Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
pkraman@ycst.com

-and-

Douglas J. Nash (admitted *pro hac vice*)
John T. Gutkoski (admitted *pro hac vice*)
Denis J. Sullivan (admitted *pro hac vice*)
Kathryn D. Cornish (admitted *pro hac vice*)
Naresh K. Kannan (admitted *pro hac vice*)
BARCLAY DAMON, LLP
One Park Place
300 South State Street
Syracuse, New York 13202
(315) 425-2700

*Attorneys for Defendant*
*Reckitt Benckiser LLC*

**CONTAINS MATERIAL DESIGNATED AS**
**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

11

## CERTIFICATE OF SERVICE

I, Pilar G. Kraman, hereby certify that on August 23, 2016, I caused a true and correct copy of the foregoing document to be served on the following counsel of record in the manner indicated:

### BY E-MAIL

Colm F. Connolly, Esquire
David W. Marston Jr., Esquire
Jody C. Barillare, Esquire
Morgan, Lewis & Bockius LLP
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, DE 19801
cconnolly@morganlewis.com
dmarston@morganlewis.com
jbarillare@morganlewis.com

Thomas B. Kenworthy, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
tkenworthy@morganlewis.com

*Attorneys for Plaintiff*

Dated: August 23, 2016

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
pkraman@ycst.com

*Attorneys for Defendant*

01:18254645.1