*Exhibit B*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, | Civil Action No.: |
| Plaintiff, | 1:15-cv-00915-RGA |
| v. | *CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL –* |
| RECKITT BENCKISER LLC, | *ATTORNEYS' EYES ONLY* |
| Defendant. | *ON PAGES 3, 4 AND 5* |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO ANSELL HEALTHCARE PRODUCTS LLC

Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, Plaintiff Ansell Healthcare Products LLC ("Ansell") hereby responds to Defendant's First Set Of Interrogatories as follows:

### GENERAL OBJECTION

Ansell objects to this set of interrogatories in its entirety in that with this set, Reckitt has served "more than 25 written interrogatories, including all discrete subparts" in derogation of Fed. R. Civ. P. 33(a)(1) and Local Rule 26.1(a) which provides that "[e]ach subpart of an interrogatory or request shall be counted as a separate interrogatory or request."

### SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Ansell objects to Reckitt's definition of the terms "You" and "Yours" as overly broad, not reasonably calculated to lead to the discovery of admissible evidence relevant and material to any properly pleaded claim or defense, and beyond the scope of permissible

discovery directed to Ansell. Ansell will treat these terms as referring only to defendant Ansell Healthcare Products LLC.

2.      Ansell objects to Reckitt's purported instructions to the extent they purport to impose requirements beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court, as without effect.

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the priority date that you claim each Asserted Claim is entitled to, and set forth all factual and legal bases supporting each priority date. A complete answer to this interrogatory requires that you identify the specific date that each and every element in each Asserted Claim was conceived as well as date that the Asserted Claim was reduced to practice with each claim element present, describe every act of diligence in reducing the claimed invention to practice, identify by Bates number of all documents and other discovery material that you contend corroborates said dates and/or diligence, identify the specific portions of the Asserted Claim contributed by each named inventor, and identify the contributions of all individuals who are not named inventors to the conception and reduction to practice of the subject matter of the Patents-in-Suit.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory as unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not seeking discovery proportional to the needs of the case, and as improperly seeking legal contentions.

### INTERROGATORY NO. 2:

State whether you contend that the following images depict or otherwise evidence polyisoprene articles with intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are "substantially uniform" and/or "substantially uniformly distributed" within the meaning of any of the Asserted Claims and explain in detail why or why not:

**REDACTED**

**IMAGE 1**



**IMAGE 2**



IMAGE 3



IMAGE 4



**IMAGE 5**

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory for disclosing insufficient information to show how this interrogatory is reasonably calculated to lead to the discovery of admissible evidence, or to permit Ansell to make a determination as to whether or not it will be making any such contentions in this litigation.

**INTERROGATORY NO. 3:**

State whether you contend that pre-vulcanization is required with respect to the Asserted Claims of the '027 Patent and/or the '029 Patent and, if not, identify all written description support in the specification for the claimed composition that does **not** require pre-vulcanization and identify by Bates number all documents and other discovery material that support such contention.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to the portions of this Interrogatory other than the first and last subparts as unintelligible.

**INTERROGATORY NO. 4:**

State whether you contend intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks are "substantially uniform" and/or "substantially uniformly distributed" are required with respect to the Asserted Claims of the '027 Patent and, if not, identify all written description support in the specification for the claimed composition that does **not** require intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are "substantially uniform" and/or "substantially uniformly distributed" and identify by Bates number all documents and other discovery material that support such contention.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to the portions of this Interrogatory other than the first and last subparts as unintelligible.

**INTERROGATORY NO. 5:**

To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.S. Patent Application Publication No. 2004/0169317, set forth in detail all factual and legal bases for such contention, and identify by Bates number all documents and other discovery material that support any such contention. A complete answer requires you to explain why any allegedly missing elements are not inherently present in U.S. Patent Application Publication No. 2004/0169317.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory that purports to require Ansell to provide non-invalidity contentions before Reckitt has provided amended invalidity contentions compliant

with the Court's June 3, 2016 directive. Ansell further objects to this Interrogatory to the extent it seeks "the legal bases" for Ansell's position as exceeding the scope of permissible discovery.

**INTERROGATORY NO. 6:**

To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.K. Patent Application No. GB 2,436,566A, set forth in detail all factual and legal bases for such contention, and identify by Bates number all documents and other discovery material that support any such contention. A complete answer requires you to explain why any allegedly missing elements are not inherently present in U.K. Patent Application No. GB 2,436,566A.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory that purports to require Ansell to provide non-invalidity contentions before Reckitt has provided amended invalidity contentions compliant with the Court's June 3, 2016 directive. Ansell further objects to this Interrogatory to the extent it seeks "the legal bases" for Ansell's position as exceeding the scope of permissible discovery.

**INTERROGATORY NO. 7:**

To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by "Surface Morphology of Prevulcanized Natural Rubber Latex Films by Atomic Force Microscopy: New Insight into the Prevulcanization Mechanism," produced bearing Bates numbers RB0000151-162, set forth in detail all factual and legal bases for such contention, and identify by Bates number all documents and other discovery material that support any such contention. A complete answer requires you to explain why any allegedly missing elements are not inherently present in "Surface Morphology of Prevulcanized Natural Rubber Latex Films by Atomic Force Microscopy: New Insight into the Prevulcanization Mechanism," produced bearing Bates numbers RB0000151-162.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory that purports to require Ansell to provide non-

invalidity contentions before Reckitt has provided amended invalidity contentions compliant with the Court's June 3, 2016 directive. Ansell further objects to this Interrogatory to the extent it seeks "the legal bases" for Ansell's position as exceeding the scope of permissible discovery.

**INTERROGATORY NO. 8:**

For each of the Asserted Claims of the Patents-in-Suit, explain in detail all facts and circumstances that support or otherwise relate to any secondary considerations of nonobviousness, including without limitation, that the subject matter of any such claim satisfied a long-felt need, solved problems the industry failed to solve, was the subject of skepticism expressed in the industry, has been a commercial success, has had its significance recognized by the industry, has been copied by others, and/or has achieved unexpected results.

**RESPONSE TO INTERROGATORY NO. 8:**

Ansell incorporates herein by reference its General Objection and Specific Objections To Definitions and Instructions.

**INTERROGATORY NO. 9:**

State whether the documents bearing Bates number ANS0009947-52 and ANS0009965 were disclosed to the United States Patent and Trademark Office and/or any of its employees during the prosecution of the Patents-in-Suit identifying by Bates number any documents evidencing such disclosure, and if they were not disclosed explain how the failure to disclose them complied with the duty of candor those involved in the prosecution of the Patents-in-Suit owed the United States Patent and Trademark Office. A complete answer requires you to explain why ANS0009947-52 and ANS0009965 were not material to the prosecution of the Patents-in-Suit, and why the single most reasonable inference to be drawn from the failure to disclose such material is not that those involved with the prosecution of the Patents-in-Suit intended to deceive the United States Patent and Trademark Office and/or its employees (including the examiners).

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory as unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence pertinent to any pleaded claim or

- 8 -

defense, not seeking discovery proportional to the needs of the case, and as improperly seeking legal contentions.

**INTERROGATORY NO. 10:**

Describe in detail the factual and legal bases for your allegation, as set forth in the Complaint, that RB "has willfully infringed the '412, '719, '027 and '029 [P]atents."

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory to the extent it seeks "the legal bases" for Ansell's position as exceeding the scope of permissible discovery.

**INTERROGATORY NO. 11:**

Describe in detail the factual and legal bases for your request in the Complaint that the Court "[i]ncrease the damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284."

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory to the extent it seeks "the legal bases" for Ansell's position as exceeding the scope of permissible discovery.

**INTERROGATORY NO. 12:**

Describe in detail the factual and legal bases for your request in the Complaint that the Court "[f]ind that this case is exceptional and award Ansell its respective costs and expenses for Reckitt's infringement, including reasonable attorneys fees, pursuant to 35 U.S.C. § 285."

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory to the extent it seeks "the legal bases" for Ansell's position as exceeding the scope of permissible discovery.

**INTERROGATORY NO. 13:**

Describe in detail each and every type or element of damages that Ansell has allegedly incurred as a result of RB's alleged infringement of the Patents-in-Suit, stating in detail for each type of damage alleged to have been suffered:

    a.    the total dollar amount of damages claimed;

    b.    whether the damages claimed are based upon lost profits, a reasonable royalty, price erosion, entire market value rule, and/or some other economic theory;

    c.    all facts upon which Ansell relies or will rely for proof of the fact and/or amount of damages;

    d.    the method by which the amount of damages has been or will be calculated;

    e.    an identification by Bates number of all documents and other discovery material on which Ansell relies or will rely to prove such damages; and

    f.    the identity of each person with knowledge of facts related to Ansell's response to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to its General Objection and Specific Objections To Definitions and Instructions, Ansell objects to this Interrogatory as premature.

DATED: September 26, 2016

/s/ Thomas B. Kenworthy
Colm F. Connolly (I.D. No. 3151)
David W. Marston Jr. (I.D. No. 3972)
Jody C. Barillare (I.D. No. 5107)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 North Orange Street, Suite 501
Wilmington, Delaware 19801
302.574.3000
colm.connolly@morganlewis.com
david.marston@morganlewis.com
jody.barillare@morganlewis.com

*and*

Thomas B. Kenworthy (Admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
215.963.5000
thomas.kenworthy@morganlewis.com

*Attorneys for Plaintiff*
*Ansell Healthcare Products LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2016, a copy of the foregoing Plaintiff's Responses To Defendant's First Set Of Interrogatories To Ansell Healthcare Products LLC is being served via electronic mail upon:

> Pilar G. Kraman, Esquire
> YOUNG CONAWAY STARGATT
>     & TAYLOR, LLP
> Rodney Square
> 1000 North King Street
> Wilmington, Delaware 19801
>
> *Attorney for Defendant*
> *Reckitt Benckiser LLC*

THOMAS B. KENWORTHY