*Exhibit D*

# Kenworthy, Thomas B.

| | |
|---|---|
| **From:** | Kenworthy, Thomas B. |
| **Sent:** | Saturday, October 08, 2016 11:44 AM |
| **To:** | Douglas J. Nash (dnash@barclaydamon.com); Pilar Kraman (pkraman@ycst.com); Kathryn D. Cornish (KCornish@barclaydamon.com); John T. Gutkoski (JGutkoski@barclaydamon.com) |
| **Cc:** | Marston Jr., David W.; Barillare, Jody C. (jody.barillare@morganlewis.com); Connolly, Colm F. |
| **Subject:** | Ansell v. Reckitt Benckiser |
| **Attachments:** | [DRAFT] Reckitt's First Set of Interrogatories Comprise At Least 48 Interrogatories, Even If Only Counting Discrete Subparts - 10-7-2016.docx |

Counsel:

In continued hopes of being able to resolve our numerosity of interrogatories dispute, and without waiver of our view that Local Rule 26.1 controls and clearly provides that "[e]ach subpart of an interrogatory or request shall be counted as a separate interrogatory or request" (a provision that you completely ignored when you prematurely submitted your last letter brief to the Court), for ease of reference we have broken down Reckitt's First Set of Interrogatories into the constituent *discrete* subparts thereof.  As shown in the attachment hereto, those discrete subparts total at least 48.  Giving Reckitt the benefit of Ansell's specific objections to Reckitt's Interrogatories, Ansell is willing to agree that Reckitt may serve an amended first set of interrogatories comprising 25 of these 48 subparts.  By doing so, Reckitt would obviate the numerosity objection altogether.

If Reckitt does not wish to take advantage of such an opportunity, please advise us as to whether Reckitt would agree not to argue that Ansell has waived its numerosity objection if Ansell files an amended response limiting the numerosity objections arbitrarily to the last 23 identified subparts.

Thank you.

Tom

**Thomas B. Kenworthy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5702 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
thomas.kenworthy@morganlewis.com | www.morganlewis.com
Assistant: Beverly Ann Stevenson | +1.215.963.5703 | beverly.stevenson@morganlewis.com

1

# RECKITT'S FIRST SET OF INTERROGATORIES COMPRISE AT LEAST 48 INTERROGATORIES, EVEN IF ONLY COUNTING *DISCRETE* SUBPARTS

**INTERROGATORY NO. 1:**   *(9 interrogatories)*

<u>Subpart (1)</u>:   "Identify the priority date that you claim each Asserted Claim is entitled to."

<u>Subpart (2)</u>:   "[S]et forth all factual . . . bases supporting each priority date."

<u>Subpart (3)</u>:   "[S]et forth all . . . legal bases supporting each priority date."

<u>Subpart (4)</u>:   "[I]dentify the specific date that each and every element in each Asserted Claim was conceived"

<u>Subpart (5)</u>:   "[I]dentify the . . . date that the Asserted Claim was reduced to practice with each claim element present."

<u>Subpart (6)</u>:   "[D]escribe every act of diligence in reducing the claimed invention to practice."

<u>Subpart (7)</u>:   "[I]dentify by Bates number of all documents and other discovery material that you contend corroborates said dates and/or diligence"

<u>Subpart (8)</u>:   "[I]dentify the specific portions of the Asserted Claim contributed by each named inventor"

<u>Subpart (9)</u>:   "[I]dentify the contributions of all individuals who are not named inventors to the conception and reduction to practice of the subject matter of the Patents-in-Suit."


**INTERROGATORY NO. 2:**   *(10 interrogatories)*

<u>Subpart (1)</u>:   "State whether you contend that the following [Image 1] depict[s] or otherwise evidence[s] polyisoprene articles with intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are 'substantially uniform' and/or 'substantially uniformly distributed' within the meaning of any of the Asserted Claims"

<u>Subpart (2)</u>:   "[E]xplain in detail why or why not"

<u>Subpart (3)</u>:   "State whether you contend that the following [Image 2] depict[s] or otherwise evidence[s] polyisoprene articles with intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are 'substantially uniform' and/or 'substantially uniformly distributed' within the meaning of any of the Asserted Claims"

<u>Subpart (4)</u>:     "[E]xplain in detail why or why not"

<u>Subpart (5)</u>:     "State whether you contend that the following [Image 3] depict[s] or otherwise evidence[s] polyisoprene articles with intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are 'substantially uniform' and/or 'substantially uniformly distributed' within the meaning of any of the Asserted Claims"

<u>Subpart (6)</u>:     "[E]xplain in detail why or why not"

<u>Subpart (7)</u>:     "State whether you contend that the following [Image 4] depict[s] or otherwise evidence[s] polyisoprene articles with intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are 'substantially uniform' and/or 'substantially uniformly distributed' within the meaning of any of the Asserted Claims"

<u>Subpart (8)</u>:     "[E]xplain in detail why or why not"

<u>Subpart (9)</u>:     "State whether you contend that the following [Image 5] depict[s] or otherwise evidence[s] polyisoprene articles with intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are 'substantially uniform' and/or 'substantially uniformly distributed' within the meaning of any of the Asserted Claims"

<u>Subpart (10)</u>:     "[E]xplain in detail why or why not"


**INTERROGATORY NO. 3:**     *(3 interrogatories)*

<u>Subpart (1)</u>:     "State whether you contend that pre-vulcanization is required with respect to the Asserted Claims of the '027 Patent"

<u>Subpart (2)</u>:     "[I]dentify all written description support in the specification for the claimed composition that does **not** require pre-vulcanization"

<u>Subpart (3)</u>:     "[I]dentify by Bates number all documents and other discovery material that support such contention"


**INTERROGATORY NO. 4:**     *(3 interrogatories)*

<u>Subpart (1)</u>:     "State whether you contend intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are 'substantially uniform' and/or 'substantially uniformly distributed' are required with respect to the Asserted Claims of the '027 Patent"

<u>Subpart (2)</u>:   "[I]dentify all written description support in the specification for the claimed composition that does **not** require intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks that are 'substantially uniform' and/or 'substantially uniformly distributed' "

<u>Subpart (3)</u>:   "[I]dentify by Bates number all documents and other discovery material that support such contention."

**INTERROGATORY NO. 5**   *(3 interrogatories)*

<u>Subpart (1)</u>:   "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.S. Patent Application Publication No. 2004/0169317, set forth in detail all factual . . . bases for such contention"

<u>Subpart (2)</u>:   "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.S. Patent Application Publication No. 2004/0169317, set forth in detail all . . . legal bases for such contention"

<u>Subpart (3)</u>:   "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.S. Patent Application Publication No. 2004/0169317, . . . identify by Bates number all documents and other discovery material that support any such contention"

**INTERROGATORY NO. 6:**   *(3 interrogatories)*

<u>Subpart (1)</u>:   "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.K. Patent Application No. GB 2,436,566A, set forth in detail all factual . . . bases for such contention"

<u>Subpart (2)</u>:   "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.K. Patent Application No. GB 2,436,566A, set forth in detail all . . . legal bases for such contention"

<u>Subpart (3)</u>:   "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by U.K. Patent Application No. GB 2,436,566A, . . . identify by Bates number all documents and other discovery material that support any such contention"

**INTERROGATORY NO. 7:**   *(3 interrogatories)*

<u>Subpart (1)</u>:   "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by 'Surface Morphology of Prevulcanized Natural Rubber Latex Films by Atomic Force Microscopy: New Insight into the Prevulcanization Mechanism,' produced bearing Bates numbers RB0000151-162, set forth in detail all factual . . . bases for such contention"

<u>Subpart (2)</u>:    "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by 'Surface Morphology of Prevulcanized Natural Rubber Latex Films by Atomic Force Microscopy: New Insight into the Prevulcanization Mechanism,' produced bearing Bates numbers RB0000151-162, set forth in detail all . . . legal bases for such contention, and identify by Bates number all documents and other discovery material that support any such contention"

<u>Subpart (3)</u>:    "To the extent that Ansell contends that any Asserted Claim is not invalid as anticipated by 'Surface Morphology of Prevulcanized Natural Rubber Latex Films by Atomic Force Microscopy: New Insight into the Prevulcanization Mechanism,' produced bearing Bates numbers RB0000151-162, . . . identify by Bates number all documents and other discovery material that support any such contention"

**INTERROGATORY NO. 8:**    *(1 interrogatory)*

For each of the Asserted Claims of the Patents-in-Suit, explain in detail all facts and circumstances that support or otherwise relate to any secondary considerations of nonobviousness, including without limitation, that the subject matter of any such claim satisfied a long-felt need, solved problems the industry failed to solve, was the subject of skepticism expressed in the industry, has been a commercial success, has had its significance recognized by the industry, has been copied by others, and/or has achieved unexpected results.

**INTERROGATORY NO. 9:**    *(3 interrogatories)*

<u>Subpart (1)</u>:    "State whether the documents bearing Bates number ANS0009947-52 and ANS0009965 were disclosed to the United States Patent and Trademark Office and/or any of its employees during the prosecution of the Patents-in-Suit"

<u>Subpart (2)</u>:    "[I]dentify[] by Bates number any documents evidencing such disclosure"

<u>Subpart (3)</u>:    "[E]xplain how the failure to disclose them complied with the duty of candor those involved in the prosecution of the Patents-in-Suit owed the United States Patent and Trademark Office"

**INTERROGATORY NO. 10:**    *(2 interrogatories)*

<u>Subpart (1)</u>:    "Describe in detail the factual . . . bases for your allegation, as set forth in the Complaint, that RB 'has willfully infringed the '412, '719, '027 and '029 [P]atents.' "

<u>Subpart (2)</u>:    "Describe in detail the . . . legal bases for your allegation, as set forth in the Complaint, that RB 'has willfully infringed the '412, '719, '027 and '029 [P]atents.' "

**INTERROGATORY NO. 11:** *(2 interrogatories)*

Subpart (1):   "Describe in detail the factual . . . bases for your request in the Complaint that the Court '[i]ncrease the damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284.' "

Subpart (2):   "Describe in detail the . . . legal bases for your request in the Complaint that the Court '[i]ncrease the damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284.' "

**INTERROGATORY NO. 12:** *(2 interrogatories)*

Subpart (1):   "Describe in detail the factual . . . bases for your request in the Complaint that the Court '[f]ind that this case is exceptional and award Ansell its respective costs and expenses for Reckitt's infringement, including reasonable attorneys fees, pursuant to 35 U.S.C. § 285.' "

Subpart (2):   "Describe in detail the . . . legal bases for your request in the Complaint that the Court '[f]ind that this case is exceptional and award Ansell its respective costs and expenses for Reckitt's infringement, including reasonable attorneys fees, pursuant to 35 U.S.C. § 285. ' "

**INTERROGATORY NO. 13:** *(4 interrogatories)*

Subpart (1):   "Describe in detail each and every type or element of damages that Ansell has allegedly incurred as a result of RB's alleged infringement of the Patents-in-Suit, stating in detail for each type of damage alleged to have been suffered:  a. the total dollar amount of damages claimed; b.  whether the damages claimed are based upon lost profits, a reasonable royalty, price erosion, entire market value rule, and/or some other economic theory; . . . d. the method by which the amount of damages has been or will be calculated"

Subpart (2):   "[S]tat[e] in detail . . . all facts upon which Ansell relies or will rely for proof of the fact and/or amount of damages"

Subpart (3):   "[S]tat[e] in detail . . . an identification by Bates number of all documents and other discovery material on which Ansell relies or will rely to prove such damages"

Subpart (4):   "[S]tat[e] in detail . . . the identity of each person with knowledge of facts related to Ansell's response to this interrogatory."