# Morgan Lewis

**David W. Marston Jr.**
Partner
+1.302.574.3000
david.marston@morganlewis.com

April 5, 2017

**VIA CM/ECF and HAND DELIVERY**
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 King Street, Room 6325
Wilmington, Delaware 19801-3555

Re:   *Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*, C.A. No. 15-915-RGA

Dear Judge Andrews:

Plaintiff Ansell Healthcare Products LLC ("Ansell") respectfully submits this letter in advance of the April 6, 2017 conference with the Court, and to respond to the arguments made by defendant Reckitt Benckiser LLC ("RB") in its April 4, 2017 letter. (D.I. 139).

**Ansell's Objections To RB's Interrogatory Nos. 23 And 24 Should Be Sustained** – No further responses to RB's Interrogatory Nos. 23 and 24 are properly due at this time.

First, the predicate "if" contentions of Interrogatory Nos. 23 and 24 are not ones that Ansell has made. Rather, in its response, Ansell makes clear that "[w]hat Ansell contends is that RB has not shown by clear and convincing evidence that the image on page [2/5] of Appendix C to RB's Second Amended Initial Invalidity Contentions establishes that the material in question comprises 'substantially uniform' and/or 'substantially uniformly distributed' inter-particle and intra-particle crosslinks as those terms are used in the claims asserted against RB, or why RB claims it." Second, with RB claiming work product protection and that it may or may not actually rely on these images at trial, and RB having produced no documentation to Ansell with respect to how the materials that are the subjects of the two TEM images referenced in RB's Interrogatory Nos. 23 and 24 were made, Ansell has properly objected to RB's interrogatories on the grounds that it does not have the information necessary to enable it to further respond. The pertinent discovery that Ansell timely sought from RB relating to the images that are the subject of RB's Interrogatory Nos. 23 and 24, and did not receive, is set forth in the accompanying Declaration Of Thomas B. Kenworthy ("Kenworthy Decl."), Appendix I hereto, at ¶¶ 2-5. Finally, to the extent RB is seeking Ansell's analysis of an image that RB may or may not be relying on to assert its invalidity defenses, such an analysis is not **facts**, but a matter of expert opinion, and under the Court's Scheduling Order, Ansell will not be obliged to

Morgan, Lewis & Bockius LLP

The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, DE 19801
United States

☏ +1.302.574.3000
🖷 +1.302.574.3001

The Honorable Richard G. Andrews
April 5, 2017
Page 2

provide expert reports on this subject until June 26, 2017, and then only with respect to what RB, the party with the burden of proof, has actually identified in its expert report(s) due May 26, 2017. D.I. 18, ¶ 12.a.

**Thirteen Months After Having Expressly Admitted The Presence Of A Claim Feature In Its Accused Condoms, And <u>After</u> The Close Of Discovery, The *Markman* Hearing, And The Court's Claim Construction Order, RB Should Not Be Granted Leave To Withdraw That Admission** – As the Court may recall, there is an earlier-filed parallel proceeding in the Federal Court of Australia. The factual background underpinnings of RB's request for leave to withdraw RFA 4, and the interplay with the parallel Australian case, are important to the resolution of RB's request and are set forth in the accompanying Declaration Of Thomas B. Kenworthy. *See* Kenworthy Decl. at ¶¶ 6-11. Due to the page constraints on this letter, however, those facts cannot be fully reiterated herein. It should be noted here, however, that two days after Ansell served RFA 4 in this case, counsel for RB's affiliates in the Australian case wrote to Ansell's Australian counsel, requesting that Ansell consent to the withdrawal of a number of admissions made in that case. *See* Kenworthy Decl. at ¶ 8 and Ex. 7. Statements highly material to the relief presently sought here were made in that letter.

Ansell did not consent to the withdrawal of the admissions in Australia, and with one minor exception, the motion of RB's affiliates for leave to withdraw the admissions was denied. *See id.* at ¶ 9. Significantly, notwithstanding having "conferred extensively with their expert Dr. Potter" in the Australian case, RB's affiliates ***did not*** seek leave to withdraw the admission that the Durex RealFeel condom "comprises synthetic polyisoprene particles that are bonded to each other through intra-polyisoprene particle crosslinks and inter-polyisoprene particle crosslinks." *Id.* at ¶ 10. Even more significantly, notwithstanding that its counsel in this case had liaised with Australian counsel, on February 25, 2016, RB expressly admitted in this case that "Durex RealFeel® condoms comprise synthetic polyisoprene particles that are bonded to each other through intra-polyisoprene particle cross-links and inter-polyisoprene particle cross-links." *Id.* at ¶ 11. RB now seeks to withdraw that admission pursuant to Fed. R. Civ. P. 36(b).

RB has not satisfied the requirements of Rule 36(b). "The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *see also Pritchard v. Dow Agro Sciences*, 255 F.R.D. 164, 172-73 (W.D. Pa. 2009). Here, allowing the admission to stand would not "effectively . . . bar [RB] from presenting its case on the merits." *See, e.g., Haynes v. Navy Fed. Cred. Union*, 296 F.R.D. 9, 13 (D.D.C. 2013).[1] As to every claim involving the presence of the admitted limitation, there are other limitations that Ansell will still have to prove. Under such circumstances,

---

[1] The cases cited by RB – *Altman* (where the motion to withdraw was actually denied), *Jones,* and *Dunn* – all satisfied this requirement.

The Honorable Richard G. Andrews
April 5, 2017
Page 3

the first prong of Rule 36(b) is not met. *Id.* Moreover, if it is not scientifically possible for particles to be bonded to each other through both intra-polyisoprene particle crosslinks and inter-polyisoprene crosslinks, as Dr. Potter on April 3, 2017 for the first time contends in either the U.S. or Australia, how then can RB, consistent with Rule 11, continue to assert that this claim feature is found in the three separate items of prior art set forth in RB's Third Amended Initial Invalidity Contentions served March 20, 2017. *See* Kenworthy Decl. at ¶ 14 and Ex. 8. A withdrawal of RB's admission based on Dr. Potter's too-late-in-the-game thesis is simply not consistent with the existing factual record of the case.

As to the second prong of the Rule 36(b) test, Ansell would be seriously prejudiced if at this late stage, RB were permitted to now withdraw its admission. During the period between February 25, 2016 and March 23, 2017, in reliance on the binding effect of RB's admission as to the matter set forth in RFA 4, Ansell: (1) refrained from asking interrogatories addressed to this subject; (2) refrained from asking RB in-house technical expert Dr. Richard Arnold questions on this subject at his January 31, 2017 deposition; (3) refrained from asking RB's retained expert Dr. William Potter questions on this subject at his January 10, 2017 deposition; (4) refrained from proceeding under the Hague Convention to obtain testimony on this subject from the RB affiliate that manufactures the accused condoms; and (5) refrained from engaging experts to prove the presence of this feature in the accused condoms. Kenworthy Decl. at ¶ 13. "Requests for admission of relevant facts under Rule 36 would be even less useful than interrogatories . . . if they were not conclusively binding on the party making the admission." *McSparran v. Hanigen*, 225 F. Supp. 629, 636-37 (E.D. Pa. 1963), *aff'd*, 356 F.2d 983 (3d Cir. 1966). As the Advisory Committee Notes to Rule 36 state, "[u]nless the party securing the admission can rely on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission and the purpose of the rule is defeated."

Even when both requirements of Rule 36(b) are satisfied, the Court "'may' allow withdrawal, but it is not required to do so." *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007); *Coca Cola Bottling Co. v. Coca Cola Co.*, 123 F.R.D. 97, 103 (D. Del. 1988). Moreover, the Third Circuit has made clear that the consideration of other factors is appropriate. *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013). Such additional factors can include "whether the moving party can show good cause for the delay," *id.*; *see also*, *F.D.I.C. v. Denson*, 908 F. Supp. 2d 792, 808 (S.D. Miss. 2012) ("a court acts within its discretion in considering the fault of the party seeking withdrawal, or its diligence in seeking withdrawal."). RB has not even attempted to show good cause for its thirteen-month delay.

RB's request for leave to withdraw its admission of the matter set forth in RFA 4 should be denied.

The Honorable Richard G. Andrews
April 5, 2017
Page 4

Respectfully submitted,

*/s/ David W. Marston Jr.*

David W. Marston Jr.

cc:   All Counsel of Record (Via CM/ECF)